# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Morgan Christine Tropf**<br>1642 Midway Street, NW<br>Uniontown, OH 44685<br><br>     Plaintiff,<br><br>   vs.<br><br>**United States of America**<br>c/o Michelle M. Baeppler, U.S. Attorney<br>801 W. Superior Avenue, Suite 400<br>Cleveland, OH 44113<br><br>-and-<br><br>**Progressive Direct Insurance Company**<br>6300 Wilson Mills Road<br>Mayfield, OH 44143<br><br>-and-<br><br>**Medical Mutual of Ohio**<br>c/o CT Corporation System (Statutory Agent)<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>     Defendants. | CASE NO: 5:22-cv-1566<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br><br>Type: Negligence (Federal Tort Claims Act), Declaratory Judgment<br><br>   **(JURY DEMAND ENDORSED HEREON)** |

Now comes Plaintiff, Morgan Christine Tropf, by and through her undersigned counsel, and for her Complaint against the Defendants states as follows:

## THE PARTIES

1. Plaintiff, Morgan Christine Tropf ("TROPF"), was resident of Stark County, Ohio on September 4, 2018, the date of the motor vehicle collision that gives rise to this lawsuit, and continues to reside in Stark County, Ohio.

2. At all relevant times herein, Defendant, United States of America ("USA"), was the employer of Thomas P. Papp ("PAPP"), who was operating a motor vehicle owned by USA in the course and scope of his employment with USA.

3. Defendant, Progressive Direct Insurance Company ("PROGRESSIVE"), is a corporation formed under the laws of the State of Ohio, with its principal place of business in the City of Mayfield Heights, Cuyahoga County, Ohio, and who regularly conducts business throughout the entire State of Ohio.

4. Defendant, Medical Mutual of Ohio ("MMO"), is a corporation formed under the laws of the State of Ohio, with its principal place of business in the City of Cleveland, Cuyahoga County, Ohio, and who regularly conducts business throughout the entire State of Ohio.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this claim against the United States of America for compensation for damages pursuant to 28 U.S.C. § 1346(b)(l).

6. Pursuant to 28 U.S.C. §§ 1402(b) and 1391(e)(l), venue is proper in the Northern District of Ohio because the acts or omissions giving rise to the claims that are the subject of this case occurred in the Northern District of Ohio, and one or more Defendants have their principal place of business located in the Northern District of Ohio and/or regularly conduct business in the Northern District of Ohio, and TROPF resides in the Northern District of Ohio.

7. Defendant USA was the employer of PAPP, a U.S. Postal Service employee, who, while in the course and scope of his employment, was operating a U.S. Postal Service mail truck and collided with the vehicle that was being operated by TROPF on September 4,

2018. Pursuant to 28 U.S.C. § 2679 and 39 CFR § 912.2, TROPF's exclusive remedy is to proceed against USA under the Federal Tort Claims Act ("FTCA") in this Court. TROPF has satisfied all of the prerequisites necessary to file this Case in this Court under the FTCA.

8. On September 4, 2018, TROPF was an insured under one or more policies of insurance issued by PROGRESSIVE which provided for underinsured motorist coverage, uninsured motorist coverage, and/or medical payment coverage for TROPF.

9. Because TROPF's claims against PROGRESSIVE arise out of the motor vehicle collision caused by PAPP, this court has supplemental jurisdiction over TROPF's claims against PROGRESSIVE pursuant to 28 U.S.C. § 1367.

10. Also on September 4, 2018, TROPF was insured under a health plan ("the Plan") that was sponsored by her father's employer, the City of Parma, who at all relevant times was contracted with MMO to provide administrative services for the Plan.

11. Because TROPF's claims against MMO arise out of the motor vehicle collision caused by PAPP, this court has supplemental jurisdiction over TROPF's claims against MMO pursuant to 28 U.S.C. § 1367.

**STATEMENT OF FACTS**

12. Plaintiff re-alleges all paragraphs above as though fully rewritten herein.

13. On or about September 4, 2018, PAPP, who at all relevant times herein was an employee of Defendant USA as a U.S. Postal Service worker, was operating a motor vehicle owned by USA in the course and scope of his employment with USA.

14. At all relevant times herein, PAPP was an "employee of the government," as that term is defined by 28 U.S.C. § 2671.

15. At the aforementioned time, TROPF was operating a vehicle northbound on Market Avenue, near the intersection of Midway Street located in Lake Township, Stark County, Ohio, and was stopped for other stopped traffic ahead. PAPP, who was traveling directly behind TROPF, negligently operated his vehicle so as to cause his vehicle to collide with TROPF's vehicle.

16. PAPP was negligent in operating his vehicle and in causing the aforementioned collision for, amongst other things, failing to maintain an assured clear distance ahead, failing to properly pass a vehicle, failing to keep a proper lookout, failing to maintain reasonable control, and failing to operate a vehicle in a safe manner and with due regard for the safety of the motoring public.

17. On August 13, 2020, TROPF submitted a Standard Form 95 to Julie A. Hammond, Tort Claims Coordinator of the Tort Claims Investigation for the Northern District of Ohio, in accordance with 28 U.S.C. § 2401(b) and 39 CFR §§ 912.3-.5.

18. Javier Soto-Arocho, Tort Claims Examiner/Adjudicator, confirmed receipt of TROPF's Standard Form 95 and her claim against the United States on August 14, 2020.

19. To date, Defendant USA has not issued a formal denial of TROPF's claim. TROPF has exhausted her administrative remedies and therefore, is within the time period to bring this lawsuit pursuant to 28 U.S.C. § 2401(b) and 39 CFR §§ 912.3.

## COUNT I - NEGLIGENCE

20. Plaintiff re-alleges all paragraphs above as though fully rewritten herein.

21. Count I is against the USA pursuant to 28 U.S.C. § 2674.

22. As a direct and proximate result of PAPP's negligence, TROPF, who was sixteen (16) years old at the time of the collision, suffered severe and permanent injuries to her body and mind causing inconvenience, physical, mental, and emotional pain and suffering and will continue

to suffer said harms, losses, damages, and injuries into the indefinite future. To date, TROPF has received substantial medical care for her injuries, including: surgery to repair the torn ligaments in her hip, injections, emergency room visits, office visits, months of physical therapy, medications, and bracing.

23. As a further result, TROPF incurred medical and hospital expenses and expects to incur such expenses in the future.

24. As a further result, TROPF incurred out-of-pocket expenses, lost income, loss of earning capacity and will continue to suffer such losses and damages into the future.

## COUNT II – DECLARATORY JUDGMENT

25. Plaintiff re-alleges all paragraphs above as though fully rewritten herein.

26. Count II is against PROGRESSIVE pursuant to R.C. §§ 2721.02-.04 and common law.

27. Plaintiff re-alleges all paragraphs above as though fully rewritten herein.

28. At all relevant times herein, TROPF was insured under a motor vehicle insurance policy issued by PROGRESSIVE, which provides for uninsured motorist, underinsured motorist, and/or medical payment coverage, such that she is entitled to those benefits.

29. Said policy is not attached hereto by reason of its bulk, but a copy of said policy is in the possession of PROGRESSIVE.

30. As a result of the negligence of the underinsured motorist, TROPF is entitled to the benefits up to the amount of the limits of PROGRESSIVE's policy.

## COUNT III – DECLARATORY JUDGMENT

31. Plaintiff re-alleges all paragraphs above as though fully rewritten herein.

32. Count III is against PROGRESSIVE pursuant to R.C. §§ 2721.02-.04 and common law.

33. PROGRESSIVE claims a right of reimbursement and/or subrogation for monies it allegedly paid or will pay as a result of the events set forth in this Complaint.

34. TROPF denies PROGRESSIVE's contractual right of reimbursement or as a subrogee to any portion of her claims, or to the extent that any such right exists, the amount that PROGRESSIVE is entitled to.

35. As it relates to any alleged subrogation or reimbursement interest of PROGRESSIVE, to the extent that any such right exists, that interest must be reduced in accordance with R.C. § 2323.44, and TROPF seeks a declaration as to the reimbursement and subrogation rights of PROGRESSIVE pursuant to R.C. §§ 2721.02-.04.

## COUNT IV – DECLARATORY JUDGMENT

36. Plaintiff re-alleges all paragraphs above as though fully rewritten herein.

37. Count IV is against MMO pursuant to R.C. §§ 2721.02-.04 and common law.

38. At the time of the subject collision, TROPF's father, William T. Tropf, was employed by the City of Parma as a firefighter with the Parma Fire Department. TROPF's father was enrolled in the Plan, a self-insured group health plan, that was sponsored by his employer—the City of Parma. The Plan was a "governmental plan" as that term is defined by 29 U.S.C. § 1002(32) of the Employee Retirement Income Security Act of 1974 ("ERISA"), such that it was not subject to ERISA, and was instead subject to the laws of the State of Ohio.

39. At the time of the subject collision or at some point in time after the subject collision, TROPF's father added TROPF as an insured under the Plan.

40. In exchange for the medical benefits provided to him and his family under the Plan, in TROPF, TROPF's father agreed to pay a certain portion from his wages each pay period. These contributions were then used to pay for administrative fees and the remainder to pay for the medical benefits provided by the Plan for him and his family.

41. At all relevant times, the City of Parma, by and through its designated representatives, contracted with MMO to provide administrative services for the Plan in exchange for an administrative fee. These administrative services included processing claims for payment for medical services and issuing payment for covered services from the funds that were sourced by employees' contributions. Thus, when MMO paid medical benefits on behalf of participants, beneficiaries, or insureds under the Plan, MMO paid such benefits from self-funded accounts, not MMO's own assets.

42. As an administrator of the Plan, MMO was a "Fiduciary" of the Plan as that term is defined by R.C. § 3959.01(G) and owed a fiduciary duty to the beneficiaries and insureds of the Plan, including TROPF.

43. Following the subject collision, TROPF, by and through her counsel, was contacted by representatives of the Rawlings Company, LLC ("Rawlings"), who claimed to have been hired by MMO to collect money from TROPF pursuant to contractual rights of reimbursement and as a subrogee to TROPF's third-party claims for recovery ("subrogation" and "reimbursement" shall collectively be referred to as "S/R" hereafter) for medical benefits allegedly paid on TROPF's behalf which were caused by the subject collision.

44. Despite these claims, neither Rawlings nor MMO ever produced any documentation to substantiate MMO's or any other Plan entity's contractual S/R right claims, including, but not limited to, any document that could be considered a "contract" entered into on TROPF's behalf and any entity that provided MMO or any other entity with any S/R rights. *Nationwide Mut. Fire Ins. Co. v. Sonitrol, Inc. of Cleveland*, 109 Ohio App.3d 474, 482, 672 N.E.2d 687 (8th Dist. 1996) (citing *State v. Jones*, 61 Ohio St.2d 99, 101, 399 N.E.2d 1215 (1980) ("The focus of conventional subrogation *is the agreement of the parties*.")) (emphasis in original); *N. Buckeye Edn. Council Group Health Benefits Plan v. Lawson*, 103 Ohio St.3d 188, 2004-Ohio-

4886, 814 N.E.2d 1210 (holding an insurer's S/R rights, and the extent to which such rights exist, is governed by the contract that was agreed to). Instead, Rawlings only produced "summaries" it created purporting to summarize all payments paid on TROPF's behalf that were caused by the subject collision.

45. TROPF and her father deny ever agreeing to provide MMO or any other fiduciary of the Plan with S/R rights. Instead, TROPF's father only recalls agreeing to pay for the benefits provided for under the Plan for him and his family, free from any S/R claw-back caveats.

46. Even if MMO were to possess contractual S/R rights, MMO would not be entitled to any reimbursement or recovery for any such rights until TROPF is made whole, and even then, after a deduction of attorney fees and expenses, pursuant to R.C. § 2323.44 and Ohio common law.

47. Accordingly, TROPF seeks a declaration as to MMO's claimed contractual S/R rights stemming from the incident that is the subject of this case pursuant to R.C. §§ 2721.02-.04.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Morgan Christine Tropf, demands judgment against the Defendants as follows:

### ALL COUNTS

48. Against all Defendants for reasonable attorney fees and costs, interest, and any other relief that the Court deems appropriate.

### COUNT I

49. Against USA for compensatory damages in an amount of three hundred thousand dollars ($300,000.00), plus costs incurred in this action plus interest and attorney's fees.

### COUNT II

- 9 -

50. A declaration against PROGRESSIVE that TROPF is insured for purposes of medpay and UM/UIM coverages afforded under the motor vehicle insurance policies issued by PROGRESSIVE, and the damages TROPF sustained as a result of the subject collision up to the policies' limits for medpay and UM/UIM coverage.

### COUNT III

51. A judgment declaring what contractual subrogation and reimbursement rights PROGRESSIVE possesses in this case, if any, and to the extent that any such rights exist, the amount that PROGRESSIVE is entitled to as satisfaction of any such rights.

### COUNT IV

52. A judgment declaring what contractual subrogation and reimbursement rights MMO possesses in this case, if any, and to the extent that any such rights exist, the amount that MMO is entitled to as satisfaction of any such rights.

Respectfully submitted,

*/s/ Benjamin P. Pfouts*
BENJAMIN P. PFOUTS (0084247)
3412 West Market Street
Akron, OH 44333
(P) (330) 869-9007
(F) (330) 869-9008
bpfouts@knrlegal.com
*Counsel for the Plaintiff*

### JURY DEMAND

Plaintiff hereby demands a trial by jury comprised of the maximum number of jurors allowed by law.

*/s/ Benjamin P. Pfouts*
BENJAMIN P. PFOUTS (0084247)
*Counsel for Plaintiff Morgan Christine Tropf*